# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Daniel J., Petitioner Below,**
**Petitioner**

**FILED**

January 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0329** (Kanawha County 12-MISC-143)

**David Ballard, Warden, Mount Olive**
**Correctional Complex, Respondent Below,**
**Respondent**


## MEMORANDUM DECISION

Petitioner Daniel J., by counsel L. Thompson Price, appeals the Circuit Court of Kanawha County's March 5, 2013, order denying his petition for writ of habeas corpus.[1] Respondent David Ballard, by counsel Christopher S. Dodrill, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his petition for writ of habeas corpus because he received ineffective assistance of counsel in his underlying criminal proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial in July of 2010, petitioner was convicted of one count of first degree sexual abuse and one count of sexual abuse by a parent, guardian, or custodian. The convictions resulted from petitioner having a four-year-old girl he was babysitting touch his penis while he masturbated. Prior to trial, petitioner rejected a plea offer. In August of 2010 the circuit court sentenced petitioner to a term of incarceration of five to twenty-five years for first degree sexual abuse and a term of incarceration of ten to twenty years of incarceration for sexual abuse by a parent, guardian, or custodian. Additionally, the circuit court ordered petitioner to undergo forty years of supervised release following incarceration. Petitioner appealed his conviction to this Court, which affirmed the same.[2]

---

[1] In keeping with the Court's policy of protecting the identities of minors and the victims of sexual crimes, petitioner will be referred to by his last initial throughout this memorandum decision.

[2] *State v. Daniel [J.]*, No. 101633 (W.Va. Supreme Court, June 24, 2011)(memorandum decision).

1 -

Thereafter, petitioner filed a petition for writ of habeas corpus in the circuit court. The circuit court then held an omnibus evidentiary hearing in support of the petition and heard testimony from petitioner and his trial counsel. By order entered on March 5, 2013, the circuit court denied the petition. It is from this order that petitioner appeals.

We have previously held that

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Thompson v. Ballard*, 229 W.Va. 263, 728 S.E.2d 147 (2012). Upon our review, we find no error in the circuit court's denial of the petition for writ of habeas corpus. On appeal, petitioner raises only one assignment of error, arguing that the circuit court erred in finding that his trial counsel's representation was not ineffective.[3] In support, petitioner alleges that his trial counsel failed to adequately investigate the case, failed to consult with him, and failed to adequately advise him. We have previously held that

> "[i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 1, *State v. Frye*, 221 W.Va. 154, 650 S.E.2d 574 (2006). Based upon this standard, the Court finds no error in the circuit court denying petitioner habeas corpus relief because the record shows that petitioner's trial counsel effectively represented him.

In denying petitioner relief, the circuit court noted that petitioner's trial counsel hired a private investigator to perform an investigation into the matter, which included visiting the crime scene, taking photographs to illustrate petitioner's version of events, and interviewing petitioner's step-father. While petitioner alleges that trial counsel's failure to interview his wife and sister-in-law, two State's witnesses, constituted inadequate investigation, counsel testified that he

---

[3] In the circuit court habeas corpus proceeding, petitioner raised an additional ground for relief. However, in his petition for appeal, petitioner explicitly states that, on appeal, he is challenging only the denial of habeas relief on the ground of ineffective assistance of counsel. As such, this memorandum decision addresses only petitioner's allegation of ineffective assistance of counsel.

specifically chose not to conduct such interviews because the parents of a child who is the victim of sexual abuse are not normally cooperative and that the witnesses would not benefit petitioner's defense. Further, counsel testified to his attempts to exclude the testimony of the State's forensic interviewer of the child victim, including extensive research and motions in support of exclusion. Based upon this testimony, the circuit court concluded that "[counsel's] investigation and preparation in [the] matter was more than adequate."

As to petitioner's allegation that counsel failed to consult with him in order to prepare for trial, the circuit court heard testimony from counsel that directly contradicted petitioner's allegations about a lack of consultation. Specifically, the circuit court heard testimony that counsel spoke on the phone with petitioner on multiple occasions, and that he always arrived to hearings early so that he would have time to communicate with petitioner. Additionally, counsel testified that petitioner was on home incarceration prior to trial and that he could have visited counsel at any time, yet chose not to. Most importantly, the circuit court found "[petitioner's] testimony regarding the number of consultations and the extent of communications with [counsel] not credible."

Finally, the Court finds no merit in petitioner's allegation that counsel failed to adequately advise him. Petitioner alleges that counsel never advised him about testifying at trial, the particulars of a plea offer, or the possible sentence he faced if the matter went to trial. However, the circuit court noted that petitioner's own testimony contradicts these allegations. Petitioner admitted that he discussed testifying at trial with counsel during one of their phone conversations. Additionally, on cross-examination, petitioner specifically stated that he was aware he faced significantly more prison time if he went to trial than if he accepted the plea offer. Counsel also testified that petitioner continually refused to accept any plea agreement because he was adamant that the incident was accidental. Finally, petitioner admitted that counsel informed him he was exposed to a significant amount of incarceration for the crimes and that he understood the charges against him.

Based upon the above, the Court finds that petitioner failed to satisfy the first *Strickland* factor. As such, it is unnecessary to address the second *Strickland* factor, and it is clear that petitioner is not entitled to habeas relief. For the foregoing reasons, the circuit court's March 5, 2013, order denying petitioner's petition for writ of habeas corpus is hereby affirmed.

Affirmed.

**ISSUED**: January 13, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II